IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THUY TRAN,**

        Plaintiff,

vs.                                          No. CIV 00-0681 LCS

**SUNWEST BANK OF
ALBUQUERQUE, N.A., W. YOUNG,
M. OLIVAS, D. MCGRATH and
JOHN DOES,**

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Bank of America, N.A., successor by merger to Sunwest Bank of Albuquerque, N.A.'s (Bank) Motion to Dismiss All of Plaintiff's Claims (Doc. 47), filed April 6, 2001. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

**I.    Background.**

The following facts are alleged in Plaintiff's Amended Complaint for Civil Rights Violation. Plaintiff is of Vietnamese ethnicity and was seventeen years old at the time of the incident. (Am. Compl. ¶ 13.) On September 26, 1996, Plaintiff entered one of Defendant Bank's branches with the intention of opening a checking and savings account with a check in the amount if $558.00 issued to her by the University of New Mexico (UNM). (Am. Compl. ¶ 7.) Bank employees told Plaintiff that she would not be able to write checks or withdraw cash from the account for three days after depositing the check and Plaintiff agreed to abide by this policy. (Am. Compl. ¶ 11.) Bank employees summoned Albuquerque Police Department officers, claiming that the Plaintiff was

attempting to commit bank fraud. (Am. Compl. ¶ 8.) Plaintiff displayed several forms of photo identification to Bank employees and to the police. (Am. Compl. ¶ 9.) Bank employees called UNM and confirmed that the check had been issued to Plaintiff that day. (Am. Compl. ¶ 10.) Plaintiff was accused of attempting to reopen the closed account of a deceased woman who had the same name as Plaintiff. (Am. Compl. ¶ 12.) Plaintiff had a different Social Security number, date of birth, and driver's license number than the deceased woman. (Am. Compl. ¶ 14.)

Plaintiff claims that the Bank carried on a ruse about having problems with opening Plaintiff's account and eventually required Plaintiff to go into a conference room to await police. (Am. Compl. ¶ 25.) Plaintiff alleged that the Bank "held" her while police arrived and provided the police with an office to interrogate her. (Am. Compl. ¶ 25.) Plaintiff also alleged that Bank did not provide an opportunity for her to leave by a back door and "agreed to have [her] paraded in hand cuffs, through the customer lobby." (Am. Compl. ¶ 25.)

On September 27, 1999, Plaintiff filed suit in the Second Judicial District of the State of New Mexico. On May 9, 2000, Defendants removed the matter to federal court. On May 11, 2000, Plaintiff filed an Amended Complaint for Civil Rights Violation, alleging claims under §1983 and 1985 for false arrest (Count I), harassment (Count II), illegal search (Count III), aiding and abetting and conspiracy (Count IV). The Amended Complaint states that "this Complaint is brought pursuant to 42 U.S.C. § 1983 for violation of civil rights under color of state law. This Complaint is further brought pursuant to 42 U.S.C. § 1985 for conspiracy to commit violations of the Plaintiff's rights under color of state law." (Am. Compl. ¶ 5.)

On April 6, 2001, the Bank filed its Motion to Dismiss, arguing that the Amended Complaint fails to state a claim against it under § 1983 because it was not a state actor, the allegations in support

2

of the conspiracy claim are insufficient as a matter of law, and the remaining counts fail to state a claim.

## II. Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).

A case should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir. 1998).

## III. Analysis

The Bank argues that Plaintiff fails to state a 42 U.S.C. § 1983 against it because it was not a state actor. In order to maintain a § 1983 claim, a plaintiff must demonstrate that each defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State" to deprive her of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Thus, the only proper defendants under § 1983 are those who represent the state in some capacity, "whether they act in accordance with their authority or misuse it." *Gallagher v. Neil Young Freedom Concert*, 49 F. 3d 1442, 1447 (10th Cir.1995).

It is undisputed that at all relevant times, the Bank was a private entity. A private entity may qualify as defendant under § 1983. *See West v. Adkins*, 487 U.S. 42, 54 (1988) (contract physician

3

providing medical services to state prisoners qualified as state actor); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (private persons engaged in conspiracy with police officers were state actors).  However, a private entity does not engage in state action simply by calling the police. *Pino v. Higgs*, 75 F. 3d 1461, 1465 (10th Cir. 1996); *Carey v. Continental Airlines, Inc.*, 823 F. 2d 1402, 1404 (10th Cir.1987); *Lee v. Town of Estes Park*, 820 F. 2d 1112, 1114-16 (10th Cir.1987).  "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino*, 75 F. 3d at 1465-66 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Courts have employed four separate tests to determine whether a private party acted under color of law in causing an alleged deprivation of federal rights: (1) the nexus test; (2) the symbiotic relation test; (3) the joint action test; and (4) the traditional public powers or functions test.  *See Sigmon v. CommunityCare HMO*, 234 F. 3d 1121, 1125 (10th Cir. 2000) (*citing Gallagher*, 49 F.3d at 1447).  Plaintiff argues that the Bank's conduct falls under the joint action test.

Under the joint action inquiry, state action is present if a private party is a willful participant in joint action with the State or its agents. *Gallagher*, 49 F. 3d at 1453 (*quoting Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  The focus is whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.  *Id*.  Acquiescence of state officials in the actions of a private party is not sufficient to show a joint enterprise.  *See Gallagher*, 49 F. 3d at 1453.  To satisfy the joint action test, there must be, at a minimum, specific concerted action resulting in the violation of a plaintiffs constitutional rights.  *Gallagher*, 49 F. 3d at 1453; *see also Anaya v. Crossroads Managed Care Systems*, 195 F. 3d 584, 596 (10th Cir. 1999).  Alternatively, a plaintiff may establish joint action by demonstrating that the public and private actors engaged in a conspiracy.

*Tonkovich v. Kansas Bd. of Regents*, 159 F. 3d 504, 533 (10th Cir. 1998); *Hammond v. Bales*, 843 F. 2d 1320, 1323 (10th Cir. 1988). In order to demonstrate a conspiracy, the pleadings must specifically present facts tending to show agreement and concerted action. *See Hammond v. Bales*, 843 F. 2d at 1323; *Hunt v. Bennett*, 17 F. 3d 1263, 1268 (10th Cir. 1994). Conclusory allegations of civil conspiracy are insufficient. *Tonkovich v. Kansas Bd. of Regents*, 159 F. 3d at 533.

For the purposes of the Bank's Motion, all factual allegations of the Complaint are accepted as true and viewed in the light most favorable to Plaintiff. *See Sutton*, 173 F. 3d at 1236. In her Complaint, Plaintiff alleges that the Bank called the police, carried on a ruse about having problems with opening Plaintiff's account, eventually required Plaintiff to go into a conference room to await police, "held" her while police arrived, provided a room for the police to interrogate her, failed to provide a back entrance for her to leave with the police, agreed to allow her to be "paraded" through the lobby in handcuffs, and that Defendants "encouraged each other on their unlawful acts" and "acted in concert." (Am. Comp. ¶ 25, 26, 27.)

Plaintiff's allegations that the Defendants "encouraged each other on their unlawful acts" and "acted in concert" are unsupported by any factual allegations. Mere conclusory allegations of civil conspiracy alleged in an effort to bring a case under § 1983 cannot withstand a motion to dismiss. *Tonkovich v. Kansas Bd. of Regents*, 159 F. 3d at 533*; Clulow v. Oklahoma*, 700 F. 2d 1291, 1303 ( 10th Cir. 1983); *Boultor v. Jordan*, 733 F. Supp. 85, 87 (D. Col. 1990). Plaintiff has failed to allege any specific concerted action on the part of the Bank employees that resulted in the violation of her constitutional rights. Additionally, Plaintiff has failed to state any facts indicating that the Bank entered into an agreement or acted in concert with the police officers in depriving Plaintiff of any constitutional right. Because Plaintiff has failed to allege specific facts showing an agreement,

5

concerted action, or meeting of the minds, the allegations of the Complaint are insufficient to render the Bank a state actor under the joint action test. *See Gallagher*, 49 F. 3d at 1450. Accordingly, Plaintiff's §1983 claim against the Bank should be dismissed.

Although not specifically argued by Plaintiff, the allegations of the Complaint are also insufficient to satisfy the requirements of the symbiotic relation test, the nexus test, or the traditional public powers or functions tests. *See Gallagher*, 49 F. 3d at 1451-53; 1456. Accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiff leads to the conclusion that Plaintiff has failed to allege sufficient facts to support her contention that the Bank was a state actor for the purposes of §1983. Accordingly, Plaintiff's §1983 claim against the Bank should be dismissed.

Defendant Bank further argues that the Amended Complaint fails to state a claim under 42 U.S.C. § 1985 (3). To demonstrate a private conspiracy under § 1985(3), Plaintiff must prove (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F. 3d 683, 686 (10th Cir.1993). Plaintiff must also show the conspiracy was motivated by racial, or other class based animus. *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971). In addition, §1985 covers only conspiracies aimed at interfering with rights that are protected against private, as well as official, encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993).

As noted *supra* in the context of Plaintiff's §1983 claim, a conspiracy necessarily involves "a meeting of the minds or agreement among" the Bank employees and the police officers. *Abercrombie v. City of Catoosa*, 896 F. 2d 1228, 1230-31 (10th Cir.1990). In her Complaint, Plaintiff alleges that

the Bank called the police, carried on a ruse about having problems with opening Plaintiff's account, eventually required Plaintiff to go into a conference room to await police, "held" her while police arrived, provided a room for the police to interrogate her, failed to provide a back entrance for her to leave with the police, agreed to allow her to be "paraded" through the lobby in handcuffs, and that Defendants "encouraged each other on their unlawful acts" and "acted in concert." (Am. Comp. ¶ 25, 26, 27.)

Plaintiff has failed to allege any specific facts supporting her contention that the Bank entered into an agreement or acted in concert with the police officers to violate her rights as required to state a claim under §1985. *See Abercrombie*, 896 F. 2d at 1230-31. Plaintiff has also failed to allege any racial or class-based discriminatory animus as required under *Griffen v. Breckenridge*, 403 U.S. at 102, or that the alleged conspiracy was aimed at interfering with rights that are by definition protected against private as well as official encroachment as required by *Bray v. Alexandria Women's Health Clinic*, 506 U.S. at278. *See Tilton*, 6 F. 3d at 686. Plaintiff has alleged that she is of Vietnamese ethnicity, but has not alleged that the Bank employees harbored any class-based animus against her. Moreover, Plaintiff has failed to alleged the encroachment of any right the is protected against private encroachment. *See Tilton*, 6 F. 3d at 686 (holding that right to freedom of religion, pursue chosen profession and to fair and impartial jury are not protected against private encroachment). After accepting all well-pleaded allegations of the Complaint as true, and construing them in the light most favorable to Plaintiff, I have concluded that Plaintiff has failed to sufficiently allege that the Bank was a state actor for the purposes of §1983.

In his Response to the Motion to Dismiss, Plaintiff contends that the Bank is liable for false imprisonment because its employees used force to restrain her until the police arrived. However, the

Amended Complaint does not allege a claim for false imprisonment, or any other state law claim. While the counts are captioned "Count I: False Arrest," "Count II: Harassment," Count III: Illegal Search, "Count IV: Aiding and Abetting; Conspiracy," the counts are alleged as aspects of the § 1983 and § 1985 claims for alleged violation of Plaintiff's civil rights. (Amended Compl. at ¶¶ 7-32.) Under the caption of "Jurisdiction," paragraph 5 states that "this Complaint is brought pursuant to 42 U.S.C. § 1983 for violation of civil rights under color of state law. This Complaint is further brought pursuant to 42 U.S.C. § 1985 for conspiracy to commit violations of the Plaintiff's rights under color of state law." All claims are brought under § 1983 and §1985. Furthermore, at no point does the Amended Complaint invoke this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. Liberally construed, the Amended Complaint, fails to allege any state law claims against Defendant Bank.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Bank of America, N.A., successor by merger to Sunwest Bank of Albuquerque, N.A.'s Motion to Dismiss All of Plaintiff's Claims (Doc. 47), filed April 6, 2001, is hereby **GRANTED**.

**IT IS ORDERED** that the claims in the Amended Complaint against Defendant Bank of America, N.A., successor by merger to Sunwest Bank of Albuquerque, N.A.'s are dismissed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**